UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Venita Larita Campbell, et al., | Court File No.: 24-CV-913-KMM-DJF |
| Plaintiffs, | |
| v. | **JOINT ANSWER OF DEFENDANTS KYLE ALLEN WILLIAMS AND RAMSEY COUNTY** |
| Andrew William Schroeder, et al., | |
| Defendants. | |

Defendants Kyle Allen Williams and Ramsey County (collectively, Ramsey County Defendants) for their Answer to Plaintiffs' Complaint, state and respond as follow:

1. The Ramsey County Defendants deny each and every allegation, matter, and thing contained in the Complaint, which is not expressly admitted, qualified, or otherwise answered below.

2. As to paragraphs 1 and 2, lacks knowledge or information sufficient to form a belief about the truth of the allegations, which has the effect of a denial.

3. As to paragraphs 3, admit upon information and belief.

4. As to paragraph 4, admit.

5. As to paragraphs 5, 6, 7, and 8, admit upon information and belief.

6. As to paragraph 9, admit the allegations contained in the first and second sentences on information and belief. The remaining allegations are legal conclusion or assertions to which no response is required. To the extent a response is required, deny.

7. As to paragraph 10, admit the allegations contained in the first and second sentences on information and belief. The remaining allegations are legal conclusion or assertions to which no response is required. To the extent a response is required, deny.

8. As to paragraphs 11, 12, and 13, admit that jurisdiction and venue with this Court is proper.

9. As to paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30, admit.

10. As to paragraphs 31, 32, and 33, lack knowledge or information sufficient to form a belief about the truth of the allegations, which has the effect of a denial.

11. As to paragraph 34, deny.

12. As to paragraph 35, deny that Ramsey County deputies "contacted" the neighbor. Affirmatively allege that the neighbor approached the deputies and confirmed that the lawn mower was not hers.

13. As to paragraphs 36 and 37, admit.

14. As to paragraph 38, deny.

15. As to paragraph 39, admit.

16. As to paragraph 40, admit that Williams made the statement alleged therein; deny that the statement was false.

17. As to paragraphs 41, 42, 43, 44, 45, and 46, lack knowledge or information sufficient to form a belief about the truth of the allegations, which has the effect of a denial.

18. As to paragraph 47, admit exited the back of the house and entered the property's backyard. The Ramsey County Defendants lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial.

19. As to paragraphs 48 and 49, lack knowledge or information sufficient to form a belief about the truth of the allegations, which has the effect of a denial.

20. As to paragraph 50, admit.

21. As to paragraph 51, admit that Mr. Smith was transported for questioning. The remaining allegations contained in paragraph 51 are legal conclusions or assertions to which no response is required; to the extent a response is required, deny.

22. As to paragraph 52, admit.

23. As to paragraph 53, admit that Ms. Campbell was transported for questioning. The remaining allegations contained in paragraph 53 are legal conclusions or assertions to which no response is required; to the extent a response is required, deny.

24. As to paragraphs 54 and 55, admit.

25. As to paragraph 56, deny.

26. As to paragraph 57, deny that the search warrant application contained false statements. The remaining allegations in paragraph 57 contain legal conclusions or assertions to which no response is required; to the extent a response is required, deny.

27. The allegations contained in paragraphs 58, 59, 60, and 61 are not directed at the Ramsey County Defendants and no response is therefore required; to the extent a response is required, deny.

28. As to paragraph 62, deny.

29. As to paragraph 63, deny Deputy Williams made false statements. The remaining allegations contained in paragraph 63 are not directed at the Ramsey County Defendants and no response is therefore required; to the extent a response is required, deny.

30. As to paragraph 64, admit that Plaintiffs were questioned. The remaining allegations in paragraph 64 are legal conclusions or assertions to which no response is required; to the extent a response is required deny.

31. The allegations contained in paragraph 65 are too vague to enable a response. To the extent a response is required, deny.

32. The allegations contained in paragraphs 66, 67, 68, 69, 70, and 71 are not directed at the Ramsey County Defendants and no response is therefore required; to the extent a response is required, deny.

33. As to paragraph 72, admit that Ramsey County's SWAT team entered Plaintiff's property. Deny the remaining allegations in paragraph 72.

34. As to paragraph 73, admit that in lawfully gaining entry to Plaintiffs' property, the front door was damaged.

35. The allegations in paragraph 74 are not directed at the Ramsey County Defendants and no response is therefore required; to the extent a response is required, deny.

36. As to paragraph 75, deny the allegation that Ramsey County deputies made any false statements or conspired to make any false statements. The remaining allegations are not directed at the Ramsey County Defendants and no response is therefore required; to the extent a response is required, deny.

37. As to paragraphs 76 deny Plaintiffs suffered any harm based on any actionable conduct of the Ramsey County Defendants. The remaining allegations are not directed at the Ramsey County Defendants and no response is therefore required; to the extent a response is required, deny.

38. As to paragraph 77, the Ramsey County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial. Affirmatively allege that the allegations in paragraph 77 are not the result of any actionable conduct on the part of the Ramsey County Defendants.

39. As to paragraph 78, the Ramsey County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial.

40. As to paragraph 79, the Ramsey County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial. Affirmatively allege that the allegations in paragraph 79 are not the result of any actionable conduct on the part of the Ramsey County Defendants.

41. As to paragraph 80, admit that Ramsey County employed Williams at the time of the incident. The remaining allegation in paragraph 80 calls for a legal conclusion to which no response is required. To the extent a response is required, deny.

42. As to paragraph 81, the Ramsey County Defendants restate and reallege their answers and responses to paragraphs 1-80 of the Complaint.

43. As to paragraph 82, admit.

44. As to paragraphs 83-90, deny.

45. As to paragraph 91, the Ramsey County Defendants restate and reallege their answers and responses to paragraphs 1-80 of the Complaint.

46. As to paragraph 92, admit.

47. As to paragraphs 93-100, deny.

48. As to paragraph 101, the Ramsey County Defendants restate and reallege their answers and responses to paragraphs 1-80 of the Complaint.

49. As to paragraph 102, admit.

50. As to paragraphs 103, deny.

51. As to paragraph 104, admit.

52. As to paragraph 105, admit the Ramsey County SWAT broke down the front door. Admit that the property was unoccupied but deny that Ramsey County SWAT knew it was unoccupied at the time it broke down the front door. The Ramsey County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial.

53. The allegations contained in paragraph 106 are too vague to enable a response. To the extent a response is required, deny.

54. As to paragraph 107, admit that offices seized personal property; deny the remaining allegations in paragraph 107.

55. The allegations in paragraph 108 are not directed at the Ramsey County Defendants and no response is therefore required. To the extent a response is required, lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial.

56. As to paragraphs 109-111, deny.

57. As to paragraph 112, the Ramsey County Defendants restate and reallege their answers and responses to paragraphs 1-80 of the Complaint.

58. As to paragraph 113, admit.

59. As to paragraph 114, deny.

60. The allegations in paragraphs 115 and 116 are not directed at the Ramsey County Defendants and no response is therefore required. To the extent a response is required, the Ramsey County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial.

61. As to paragraphs 117-120, deny.

62. As to paragraph 121, the Ramsey County Defendants restate and reallege their answers and responses to paragraphs 1-80 of the Complaint.

63. As to paragraph 122, admit.

64. As to paragraph 123, deny.

65. As to paragraph 124, deny the first sentence. The allegations in the second sentence are not directed at the Ramsey County Defendants and no response is therefore required. To the extent a response is required, the Ramsey County Defendants lack knowledge or information sufficient to form a belief about the allegations in the second sentence, which has the effect of a denial.

66. As to paragraphs 125-127, deny.

67. As to paragraph 128, the Ramsey County Defendants restate and reallege their answers and responses to paragraphs 1-80 of the Complaint.

68. As to paragraphs 129 and 130, deny.

69. The allegations contained in paragraphs 131 and 132 are not directed at the Ramsey County Defendants and no response is therefore required. To the extent a response is required, the Ramsey County Defendants lack knowledge or information sufficient to form a belief about the allegations in the second sentence, which has the effect of a denial.

70. As to paragraphs 133 and 134, deny.

71. As to paragraph 135, the Ramsey County Defendants restate and reallege their answers and responses to paragraphs 1-80 of the Complaint.

72. As to paragraphs 136, deny.

73. As to paragraph 137, deny Williams participated in the entry of the premises and admit that Williams and Schroeder participated in the search of the premises.

74. As to paragraph 138, admit that Ramsey County SWAT broke down the front door of the premise; deny the remaining allegations.

75. As to paragraphs 139 and 140, deny.

76. As to paragraph 141, the Ramsey County Defendants restate and reallege their answers and responses to paragraphs 1-80 of the Complaint.

77. The allegations contained in paragraphs 142 are not directed at the Ramsey County Defendants and no response is therefore required. To the extent a response is required, the Ramsey County Defendants lack knowledge or information sufficient to form a belief about the allegations in the second sentence, which has the effect of a denial.

78. As to paragraph 143, admit.

79. As to paragraphs 144-147, deny.

80. As to Plaintiffs' prayer for relief, Ramsey County Defendants deny Plaintiffs are entitled to any relief sought against the Ramsey County Defendants in the "PRAYER FOR RELIEF" section of the Complaint.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, the Ramsey County Defendants reassert each preceding paragraph and state that:

1. Plaintiffs' Complaint fails to state a claim against the Ramsey County Defendants for which relief can be granted.

2. Plaintiffs' claims are barred by the immunities afforded to Ramsey County and its employees by law including, but not limited to qualified immunity, official immunity, vicarious official immunity, qualified immunity, statutory immunity, and all other immunities available under by federal and/or state law.

3. Ramsey County Defendants are shielded from suit, liability and damages as provided in Minn. Stat. Ch. 466.01, *et seq*.

4. Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitations.

5. If Plaintiffs have sustained damages as alleged in the Complaint, the same are the results of acts or omissions of Plaintiffs or third persons whom Ramsey County Defendants had no control and for whom Ramsey County Defendants had no responsibility.

6. Plaintiffs' claims are barred in whole or in part by doctrines of estoppel, res judicata, claim preclusion, waiver, release, consent, laches, or unclean hands.

7.  To the extent Plaintiffs suffered damages, they have failed to mitigate their damages.

8.  Except as specifically provided by law, Plaintiffs are not entitled to recover attorney's fees, costs, disbursements, interest, or punitive damages.

9.  Ramsey County and its employees, at all times material hereto, acted in good faith, without malice, with reasonableness, and in accordance with applicable law.

10. All actions taken by Ramsey County Defendants were taken for legitimate, non-pretextual, non-retaliatory, and non-discriminatory reasons.

11. Plaintiffs' damages or injuries, if any, were caused by Plaintiffs' own fault or wrongful conduct.

12. Plaintiffs' damages or injuries, if any, were caused by intervening or superseding causes.

13. Plaintiffs' damages or injuries, if any, were caused by Plaintiff's own contributory or comparative fault.

14. The Ramsey County Defendants incorporate by reference each and every additional affirmative defense that may be uncovered or may be made known during investigation in discovery of this case. Consequently, the Ramsey County Defendants specifically reserve the right to amend this Answer and include affirmative defenses as the time they are discovered, as needed.

**WHEREFORE,** the Ramsey County Defendants pray that Plaintiffs take nothing by their pretended cause of action and that they have judgment in their favor, together with costs and reimbursements herein.

|  |  |
|---|---|
| Dated: May 23, 2024 | **JOHN J. CHOI**<br>**RAMSEY COUNTY ATTORNEY**<br><br>By: */s/ Kristine Nogosek*<br>Kristine Nogosek (#0304803)<br>Kevin S. Plaisance (#0504690)<br>Assistant Ramsey County Attorneys<br>360 Wabasha Street N., Suite #100<br>Saint Paul, MN 55102<br>651-266-3230 (Nogosek)<br>651-266-3178 (Plaisance)<br>kristine.nogosek@co.ramsey.mn.us<br>kevin.plaisance@co.ramsey.mn.us<br><br>**ATTORNEY FOR RAMSEY COUNTY DEFENDANTS** |