**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Venedia Larita Campbell et al., | Case No. 24-cv-913 (KMM/DJF) |
| Plaintiffs, | |
| v. | **ORDER** |
| Andrew William Schroeder et al., | |
| Defendants. | |

---

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 46). Having reviewed the Stipulation, it is **APPROVED**, and the following shall govern discovery in this matter:

**Definitions.** As used in this protective order:

(a) "attorney" means an attorney who has appeared in this action;

(b) "confidential document" means a document designated as confidential under this protective order;

(c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice;

(f) "outside vendors" means remote deposition service, messenger, copy, coding, and other vendors not employed by a party or its attorneys; and

(g) "party" means a party to this action.

2. **Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney's partner, associate, staff, or outside vendors;

(3) a person shown on the face of the confidential document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party;

(6) witnesses at the time of preparing for or giving testimony at deposition or trial in this action; and

(7) any person who:

(i) is retained to assist a party or attorney with this action, including, but not limited to, experts, mediators, and arbitrators; and

(ii) executes a "Written Assurance" in the form attached as Exhibit A.

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **"Attorney Eyes Only" Designation.**

(a) Documents and other data produced, not including body worn camera footage, may also be further designated as "Attorney Eyes Only," which shall be considered a subset of confidential documents.

(b) Such documents and data can only be disclosed to persons in categories

    3(b)(1), 3(b)(2), 3(b)(3), 3(b)(4), and 3(b)(7), above.

 (c) The parties do not waive the right to challenge the appropriateness of "Attorney Eyes Only" designations.

5. **Home contact information, medical information, and psychological information.** The Defendants will not produce home addresses, home phone numbers, medical or psychological data or social security numbers of any Defendant, County, or City employee.

6. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

7. **Use of a Confidential Document in Court.**

 (a) Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with LR 5.6.

 (b) Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

8. **Changing a Confidential Document's Designation.**

 (a) Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)    Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)    Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party, then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**9.    Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must return or destroy all confidential documents.

    (b)    Notwithstanding paragraph 7(a), each attorney may retain a copy of any confidential document submitted to the court, which materials will otherwise remain subject to this Order, in a secure location, for seven years, or other period of time consistent with applicable data retention practices, after which time the documents will be destroyed.

**10.    Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

11. **Qualified Protective Order and Specific Authorization in Law.** To the extent necessary for the production of medical records, this Order serves as a "qualified protective order" pursuant to 45 C.F.R. § 164.512(e)(l)(v) and "specific authorization in law" pursuant to Minn. Stat. § 144.293, subd. 2(2), and the parties hereto that are subject to said statutory obligations may, subject to paragraph 7(b), hereby produce all medical or health record information pursuant to this protective order, including the records of third parties, to the extent such information is otherwise discoverable, *i.e.*, relevant and proportional to the needs of this case.

12. **Minnesota Government Data Practices Act.** To the extent necessary for the disclosure of data classified as "not public" under the Minnesota Government Data Practices Act (Minn. Stat. § 13.01 *et seq.*) the parties hereto and any third-parties producing data pursuant to a subpoena that are subject to said statutory obligations are hereby authorized to disclose not public data consistent with this protective order, including the records of third parties, to the extent such information is non-privileged and responsive and such data may be designated as confidential where appropriate.

Dated: August 5, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 24-cv-0913 (KMM/DJF), pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Attorney Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order. I acknowledge the obligations imposed by the Protective Order shall survive the termination of this action.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Attorney Eyes Only," and all copies, excerpts, summaries, notes digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____        _____

                (Date)                           (Signature)